```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
UNITED STATES OF AMERICA,

        -against-                    MEMORANDUM AND ORDER
                                     02-CR-1298(DRH)

DONNA MARTIN,

           Defendant.
-----------------------------X
A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York  11722
      By:  Burton Ryan, A.U.S.A.

For Defendant:
    Koehler & Isaacs LLP
    61 Broadway, 25th Floor
    New York, New York  10006
      By:  Joey Jackson, Esq.
```

HURLEY, Senior District Judge

By Notice of Motion dated January 4, 2010, Donna Martin ("Martin" or "defendant") requests that her case be "restore[d]" to the Court's calendar "for purposes of resentencing in the interests of justice." (Def.'s Not. of Motion at 1.)

Defendant was arrested on October 11, 2002 on federal charges of mail fraud, conspiracy to commit mail fraud, and making false statements to the Department of Housing and Urban Development. Following that arrest she was immediately released on bail. On April 13, 2007, she was arrested on an unrelated New York State charge of identity theft in the first degree and

detained in state custody.  On October 10, 2008, she was sentenced following her conviction on the federal charges to, inter alia, 42 months incarceration and, six days thereafter, i.e. on October 16th, to 1 to 3 years by Queens County Supreme Court Justice Joseph Grosso on her state conviction with credit for time served.  Justice Grosso stated that the state sentence should run concurrently to the federal sentence.  Against that backdrop, counsel for defendant explains:

> Ms. Martin's release date is being noted [by the Bureau of Prisons] as April 29, 2012. However, to the extent that Ms. Martin has served more than thirty (30) months thus far, this Motion moves the Court to set her release date at November, 2010 in the interest of justice, based upon the time . . . which she has already served.  Said date would represent a 42 month sentence in total in keeping with the mandate of this Court.

(Def.'s Not. of Motion, ¶ 17 (internal citation omitted).)

As correctly noted by the government in opposing the requested relief:

> That date [i.e. April 29, 2012] reflects a period of 42 months from the time the Court sentenced Martin on October 10, 2008.  By statute, the Bureau of Prisons did not credit Martin with any federal credit for the time she was released on bail but in the custody of another jurisdiction.

(Gov't's Jan. 14, 2010 Letter in Opp'n at 2.)

## DISCUSSION

Defendant's application is devoid of any cited authority for the relief requested.  Moreover, no reply

memorandum has been submitted in response to the government's well-documented position that this Court lacks jurisdiction to resentence Martin so that she will, in effect, receive federal credit for the time she was in state custody prior to imposition of her federal sentence on October 10, 2008.

Defendant's invocation of the "interests of justice" in seeking resentencing misconstrues my authority. "A district court has no inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Soto-Holguin, 163 F.3d 1217, 1220 (10th Cir. 1999)(internal quotation marks deleted), overruled on other grounds, United States v. Meyers, 200 F.3d 715, 721 & n.3 (10th Cir. 2000); cf. 18 U.S.C. § 3582(c)(1)(B). For reasons that are evident from a reading of 18 U.S.C. § 3582 and Federal Rule of Criminal Procedure 35 — portions of which deal with the subject of "[c]orrecting or [r]educing a [s]entence" and "[m]odification of an imposed term of imprisonment" respectfully — neither provision vests the Court with jurisdiction to resentence Martin under the attendant circumstances.

Similarly unavailing is Rule 36 of the Federal Rule of Criminal Procedure which provides a mechanism to correct a "clerical error in a judgment" attributable to an oversight or omission. Fed. R. Crim. P. 36. To the extent "'a district court has inherent power in certain circumstances to correct its

acknowledged mistakes,'" (Gov't's Jan. 14, 2010 Letter in Opp'n at 3 (quoting United States v. Rico, 902 F.2d 1065, 1067, 1067 (2d Cir. 1990))) the exercise of such authority presupposes, inter alia, a sentencing error, a prerequisite not claimed by defendant to be present here. And finally, I could not, even following notice to the Bureau of Prisons, convert the present application to one sounding in mandamus and direct the Bureau to provide Martin with the subject credit. See United States v. Gonzalez, 192 F.3d 350, 353 (2d Cir. 1999)("'The Bureau of Prisons, and not the courts, determine . . . whether the defendant should receive credit for any time spent in custody.'") (quoting United States v. Montez-Gaviria, 163 F.3d 697, 700-01 (2d Cir. 1998)); United States v. Whaley, 148 F.3d 205, 206 (2d Cir. 1998)("The Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b); the district courts do not have authority to order the BOP to either grant or deny credit . . . .")

In sum, this Court imposed sentence before my counterpart in the state. In doing so, I was aware that Martin would likely receive a concurrent sentence on her state charges. Be that as it may, however, I would not have altered the sentence I imposed even with the power of hindsight as illuminated by Martin via her present application. I felt then, as I do now, that the sentence of 42 months incarceration appropriately

addressed the reasons penal sanctions are employed under 18 U.S.C. § 3553 and was no more onerous than necessary to accomplish that goal.  But more importantly, I lack the authority to grant the requested relief as earlier explained, even if I felt differently.

For the reasons indicated, the relief requested is denied.

SO ORDERED.

Dated:  Central Islip, New York
        February 19, 2010

_____/S/_____
DENIS R. HURLEY, U.S.D.J.